UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FILED
DEC 21 2017
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

            CRIM. CASE NO. 16-20043

    Plaintiff,

v.                      PAUL D. BORMAN
                      UNITED STATES DISTRICT JUDGE

D-1 ARTHUR RATHBURN

    Defendant.

_____/

## ORDER DENYING MOTION TO SUPPRESS STATEMENTS

Defendant filed a Motion to Suppress Statements made by Defendant to Other Individuals while in Pretrial Federal Custody (ECF No. 86). The Court held an evidentiary hearing on December 1, 2017, continued to December 7, 2017, and then heard oral argument on December 8, 2017. For the reasons stated on the record at the December 8, 20177 hearing, in part discussed hereinafter, the Court DENIES Defendant's motion.

The Court, considering the testimony, argument, exhibits, and briefs, concludes that the admissions by Defendant Arthur Rathburn contained in the documentary exhibits were knowingly made and voluntarily made, that Mr.

1

Sebastian Restum was not acting as an agent for the government in securing the admissions signed by Defendant, and therefore the documents are not suppressed.

The Court noted:

> A telling piece of evidence is Government's Exhibit 10 which is a letter written by Mr. Rathburn . . . signed by Mr. Rathburn. And the signature looks identical to the signature on Government Exhibit Number 5 which is no question that he signed, where he is writing to the Department of Justice, the bosses of the AUSA's here ". . . that I can help you with some of the truths of the Middle East/global Hezballah . . .". He did endorse, buy into this means to try and benefit himself. And further, [stated in Ex. 10] "It's my request to address an established conscientious assembly of government officials to explore a back door entrance into the ubiquitous exchange of global Hezbollah . . .".

Official Transcript Excerpt of Defendant's Motion to Suppress Statements, Friday December 8, 2017, pp. 4-5.

The Court finds significant evidence that Defendant Rathburn knowingly and voluntarily wrote both the Exhibit 10 letter, and Exhibit 5 which he wanted as his personal copy of Exhibits 2 and 3. The Court finds that Exhibits 2 and 3 were composed by Mr. Sebastian Restum, and then knowingly and voluntarily signed and finger printed by Defendant. Both Exhibits 2 and 3 contained Rathburn's confessions to his involvement in the instant case, which he provided in order to try to establish his trustworthiness in hopes that by providing them to the

2

Government he could receive a benefit in the instant case for this cooperation regarding terrorism.

The Court finds that while Sebastian Restum, his longtime friend helped develop this "plan", the Defendant bought in wholeheartedly, and knowingly and voluntarily.

The Court also found that "Mr. Restum was not acting as a government agent at the time of these confessions in 2017, that he was acting on his own, and that he produced something that when the Government saw it, a confession with a fingerprint, that they utilized but that doesn't mean he was a government agent. And I think there is not evidence establishing that he was a government agent." Tr. P.5, 12-8-17.

The Court further found admissible, Mr. Rathburn's statements, exhibits 2 and 3, composed by Mr. Restum for him to sign, but signed and thumb printed by Defendant Rathburn. Indeed, these statements, Ex. 2 and 3, "were then re-created by Mr. Rathburn [Ex. 5] when he realized that Mr. Restum was no longer at the Milan facility, that appears also to be a self-produced act of implicating himself." Tr. P.5.

The fact that there was testimony that Defendant's finger was firmly pressed down to create the fingerprint is not evidence of coercion. The Court took judicial

notice of the fact that every time it was finger-printed for its Federal positions, the agent had to very firmly press down his finger to create a valid fingerprint.

The Court also noted that Restum and Rathburn jointly utilized Attorney Edward Gudeman who testified that Defendant asked him to send the "plan" to Main Justice, then-Senator Carl Levin, and Professor Alan Dershowitz in an attempt to benefit Rathburn in the instant case by claiming the ability to provide assistance against Hezbollah.

In conclusion, the Court finds that the Government established that the challenged confessions were:

1. authentic,
2. made knowingly, intelligently and freely
3. not made to a government agent

There was no coercion/threat of violence, unlike in *Arizona v. Fulminante*, 429 U.S. 279 (1991).

Accordingly, the Court DENIES Defendant's Motion to Suppress.

SO ORDERED.

DATED: DEC 2 1 2017

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE