UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

                              Case No. 16-cr-20043
                              Honorable Paul D. Borman
                              Magistrate Judge Elizabeth A. Stafford

ARTHUR RATHBURN,

    Defendant/Petitioner.

_____/

**REPORT AND RECOMMENDATION TO DENY ARTHUR RATHBURN'S POST-JUDGMENT MOTIONS [ECF NOS. 206, 227, 229]**

**I.    Introduction**

Arthur Rathburn, a federal prisoner proceeding *pro se*, moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. ECF No. 206. He is serving a nine-year sentence of imprisonment after being convicted of seven counts of wire fraud and one count of transportation of hazardous material. ECF No. 156. Rathburn requests an evidentiary hearing on his § 2255 motion. ECF No. 206, PageID.3630. He also moves for a new trial under Federal Rule of Criminal Procedure 33 based on alleged new evidence, and for appointment of counsel. ECF No. 227; ECF No. 229. The Honorable Paul D. Borman referred these motions to the undersigned, ECF No. 208; ECF No. 228; ECF No. 230, and the Court

submits this report and recommendation on them.  28 U.S.C. § 636(b)(1)(B) (a district judge may designate a magistrate judge to make recommendations for disposition of "applications for posttrial relief made by individuals convicted of criminal offenses.").

## II.   Background

Rathburn was the founder and principal of a corporation that supplied human cadavers and other human remains to medical professionals for training purposes.  ECF No. 189, PageID.3519-3520.  His convictions for wire fraud stem from the company's practice of buying anatomical "specimens that tested positive for infectious diseases at discounted prices," but concealing the positive test results from customers who bought the specimens.  *Id*.  The company represented that the specimens were clean of HIV, Hepatis B, Hepatis C, and other infectious diseases because customers would not have bought specimens that had tested positive for those diseases.  *Id.*  The conviction for illegally transporting hazardous material resulted from Rathburn's international shipment of a human head, sourced from a donor who died of bacterial sepsis, without proper packaging or labeling.  *Id.*

The Sixth Circuit affirmed Rathburn's convictions, and the Supreme Court denied his petition for writ of certiorari.  *Id.*; ECF No. 194.  Relying on

Rule 33, Rathburn moves for a new trial, asserting newly discovered evidence would have led to his acquittal. ECF No. 227; ECF No. 229. He points to allegedly exculpatory documents, which he claims were withheld from the defense and the jury. ECF No. 227, PageID.4385-4386.

Rathburn also presents two grounds for his motion under § 2255, both of which allege ineffective assistance of counsel. ECF No. 206. First, he alleges that his attorney failed to seek evidence, both documents and witness testimony, which Rathburn maintains would have bolstered his defense. *Id.*, PageID.3626-3628. Second, he asserts that his counsel failed to point out a "constructive error" in his sentencing calculation, which included a 16-level enhancement for a financial loss of $2,757,831, even with no restitution order for this amount from the court, or proof of this loss by the government. *Id.*, PageID.3628-3629.

The Court finds that Rathburn's arguments lack merit and thus recommends that his motions be denied.[1]

---

[1] Rathburn moved to stay the consideration of his § 2255 motion pending the adjudication of his motion for new trial. ECF No. 221; ECF No. 206; ECF No. 227, ECF No. 229. The motion to stay should be denied as moot because the Court issues this report and recommendation resolving both the motion for new trial and the motion to vacate, set aside, or correct his sentence concurrently. The Court also recommends denying as moot Rathburn's motion for an extension of time to reply in support of his motion for new trial because he failed to file that reply by the extended deadline. ECF No. 233.

### III.    Analysis

### A.

Rule 33 provides that "[u]pon the defendant's motion, [a district] court may vacate any judgment and grant a new trial if the interest of justice so requires." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010) (quoting Fed. R. Crim. P. 33(a)).  The burden is on the defendant to justify a new trial.  *United States v. Carson*, 560 F.3d 566, 585 (6th Cir. 2009).  A Rule 33 "decision to grant or deny a motion for a new trial is entirely within the discretion of the district court," and will not be reversed absent a showing of an abuse of discretion.  *United States v. Anderson*, 76 F.3d 685, 692 (6th Cir. 1996).

The court may grant a new trial on the grounds of newly discovered evidence under Rule 33(b)(1).  "Motions for a new trial based upon newly discovered evidence are disfavored and should be granted with caution." *Murphy v. United States*, 2017 WL 6506361, at *2 (6th Cir. Oct. 24, 2017) (quoting *United States v. Turns*, 198 F.3d 584, 586 (6th Cir. 2000)).  To warrant a new trial, "a defendant must show that: '(1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely

4

produce acquittal.'" *Id.* (quoting *Carson*, 560 F.3d at 585).

The government argues, convincingly, that much of the evidence that Rathburn relies on is not new, and that anything new could have been discovered earlier with due diligence. ECF No. 232, PageID.4459-4460; ECF No. 229, PageID.4443; ECF No. 227, PageID.4373-4383, 4393-4427. But resolving the issue of whether the evidence at issue was newly discovered or could have been discovered sooner is not necessary because the alleged new evidence is neither material, nor likely to produce an acquittal. Thus, Rathburn fails to satisfy the third and fourth requirements for granting a new trial.

Rathburn submits lab reports, donor reports, and emails,[2] claiming that they unequivocally prove that none of the specimens at issue were infected. ECF No. 227, PageID.4369-4372, 4385, 4388-4389, 4391-4392; ECF No. 229, PageID.4443-4445. Rathburn tried to introduce similar evidence at trial, but Judge Borman excluded it, finding that the case was about whether Rathburn intentionally misled his clientele by concealing that specimens had tested positive for infectious disease, not whether the

---

[2] Rathburn also references photographs that purportedly demonstrate that the specimens at issue had never been tested by the government. ECF No. 227, PageID.4385. But the "new" evidence attached to Rathburn's motion does not include any photographs for the Court to consider. *Id.*; ECF No. 229.

specimens continued to be infectious when they were used for medical training courses. ECF No. 189, PageID.3522.

In fact, one item Rathburn advances as new evidence is an email with identical wording to an email used to support his motion for acquittal. *Compare* ECF No. 227, PageID.4388 *with* ECF No. 136-10, PageID.1899. In the email, Carl Schmidt, M.D., opined that the specimens were unlikely to have been infectious at the time of use. *Id.* But Judge Borman and the Sixth Circuit found that evidence of whether the specimen was infectious at the time of shipment is immaterial to the elements of the criminal charges against Rathburn. ECF No. 189, PageID.3522, n.6, 3529, n.9. This finding remains true and Rathburn's alleged new evidence that the specimens were no longer infectious does not justify a new trial. ECF No. 136; ECF No. 148.

Rathburn also advances material he obtained from the Department of Veterans Affairs (VA) through a FOIA request, as well as excerpts from a textbook and journal articles, to support his claim that the donors for the relevant specimens had been vaccinated against Hepatitis B and thus the positive test results were false. ECF No. 227, PageID.4373-4383, 4393-4427. But this evidence submitted is also immaterial, and unlikely to produce an acquittal.

First, these materials discuss the military's general vaccination practice, but do not specify that the members of the U.S. Armed Forces who donated the specimens were actually vaccinated against Hepatitis B. Even if Rathburn showed proof that those donors had been vaccinated, the specimens still could have been infected. As the world has been painfully reminded since last year, vaccines do not guarantee protection from the diseases they are intended to prevent.

And as noted, the issue was whether Rathburn intentionally misled his clientele by concealing that the specimens had tested positive for infectious disease. ECF No. 189, PageID.3522. Even if the positive test results were false, that would not negate the jury's finding that Rathburn misled buyers by concealing that the specimens had tested positive.

Thus, Rathburn's "new evidence" is neither material, nor likely to produce an acquittal, and his motion for new trial should be denied. ECF No. 227; ECF No. 229. For the same reason, his motion to appoint counsel also should be denied. *See Murphy,* 2017 WL 6506361.

**B.**

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to

7

vacate, set aside, or correct the sentence." 28 U.S.C. § 2255 para. 1. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (internal quotation marks and citation omitted). "Relief is warranted only where a petitioner has shown a fundamental defect which inherently results in a complete miscarriage of justice." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (internal quotation marks and citation omitted).

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). Ineffective assistance of counsel provides a valid basis for suit under § 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To establish ineffective assistance of counsel, a defendant must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. To satisfy the first element, a defendant must establish that the attorney's representation "fell below an objective standard of reasonableness." *Id*. at 687-88. Judicial scrutiny of an attorney's

8

performance is "highly deferential"; there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. For the prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The prisoner bears the burden to prove his claim by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). The prisoner must come forward with verifiable allegations of fact sufficient to support an entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). Mere legal conclusions do not suffice. *O'Malley*, 285 F.2d at 735.

A petitioner must likewise allege factual support to warrant an evidentiary hearing. *See United States v. Price*, 2020 WL 6286302, at *2 (E.D. Mich. Oct. 27, 2020). "[T]he court is not required to hold an evidentiary hearing if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008) (citing *Valentine v. United States*, 488 F.3d

9

325, 333 (6th Cir. 2007)).

Rathburn argues that his trial counsel's failure to find, contact, interview, and secure testimony and other evidence from roughly 15 potential witnesses amounted to ineffective assistance of counsel. ECF No. 206, PageID.3627. He asserts that these witnesses' familiarity with the practices and procedures of the industry and of him and his company, and their knowledge of the specific details of the government's allegations against him, would have dramatically strengthened his defense.

Counsel may be found constitutionally ineffective for failing to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. But Rathburn has not met his burden of showing by a preponderance of the evidence that trial counsel failed to conduct a reasonable investigation. *See United States v. Herring*, 2020 WL 10054320, at *7 (E.D. Ky. Apr. 20, 2020), adopted, 2021 WL 2134323 (E.D. Ky. May 26, 2021). Although he concludes that his trial counsel ignored witnesses who would have offered valuable support for his defense, Rathburn has not provided sufficient factual support for the court to analyze these claims. *See id*.

First, Rathburn has offered no proof that trial counsel overlooked these witnesses. Counsel did not call any of these witnesses to testify at

10

trial, but Rathburn has provided no evidence that trial counsel did not investigate or interview them. *See Hutchinson v. Bell*, 303 F.3d 760, 767 (6th Cir. 2013) (courts presume an attorney's decision not to call a witness rested on sound trial strategy absent evidence in the record to the contrary).

More importantly, Rathburn did not identify these alleged witnesses or describe their expected testimony. *See Herring*, 2020 WL 10054320, at *7. To establish that a failure to investigate a witness constitutes ineffective assistance of counsel, defendants must show "that the witness or witnesses whom counsel failed to investigate did, in fact, have favorable testimony to offer." *Sowell v. Collins*, 557 F. Supp. 2d 843, 883 (S.D. Ohio 2008), *aff'd sub nom. Sowell v. Anderson*, 663 F.3d 783, 800 (6th Cir. 2011). Rathburn has failed to show, or even allege with any degree of specificity, what evidence these witnesses would have provided, and how such evidence would have favorably altered the outcome of his case. *Strickland*, 466 U.S. at 694. Thus, these conclusory allegations do not warrant relief.

Rathburn also asserts ineffective assistance of counsel against his trial counsel for failing to contest the finding of $2.7 million of fraud loss, which added 16 points to his sentencing guidelines calculation. ECF No.

206, PageID.3628-29.  Rathburn maintains that the government proved no actual or intended financial loss.  *Id.*  But trial counsel *did* raise these very objections in both the sentencing memorandum, and at the sentencing hearing, so Rathburn's claim of ineffective assistance of counsel fails.  ECF No. 150, PageID.2088-2089; ECF No. 182, PageID.3355-3357.

The Court finds there are no facts alleged in the § 2255 petition which would tend to show that counsel was ineffective or that they did not adequately represent Rathburn at trial.[3]  *United States v. Reynolds*, 2020 WL 209749, at *7 (E.D. Mich. Jan. 14, 2020).  The dearth of supporting facts obviates the need for an evidentiary hearing, and this Court's recommendation that Rathburn's § 2255 petition be denied includes denying the request for an evidentiary hearing contained within it.

## IV.    Conclusion

For these reasons, the Court **RECOMMENDS** that Arthur Rathburn's motion for new trial, ECF No. 227, ECF No. 229; motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, ECF No. 206; motion to

---

[3] Rathburn acknowledges that the district court judge who presided over the trial specifically commented that defense counsel provided outstanding representation.  ECF No. 206, PageID.3627-3628.

stay, ECF No. 221; and motion for an extension of time to file reply, ECF No. 233, all be **DENIED.**

Dated: November 16, 2021             s/Elizabeth A. Stafford
                                     ELIZABETH A. STAFFORD
                                     United States Magistrate Judge

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 16, 2021.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
