UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

    Plaintiff,

v.

ARTHUR RATHBURN,

    Defendant.
_____/

Case No. 16-cr-20043
District Judge Paul D. Borman
Magistrate Judge Elizabeth Stafford

**ORDER**

(1)     **REJECTING DEFENDANT ARTHUR RATHBURN'S OBJECTIONS TO MAGISTRATE JUDGE ELIZABETH STAFFORD'S REPORT AND RECOMMENDATION (ECF NO. 237) DENYING HIS REQUESTS:**

    (a)     **FOR AN EVIDENTIARY HEARING ON HIS § 2255 MOTION (ECF NO. 206),**

    (b)     **FOR A NEW TRIAL UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 33 BASED ON NEW EVIDENCE (ECF NO. 229), AND**

    (c)     **FOR APPOINTMENT OF COUNSEL (ECF NOS. 227 AND 229)**

(2)     **ADOPTING MAGISTRATE JUDGE STAFFORD'S REPORT AND RECOMMENDATION**

(3)     **DENYING DEFENDANT'S MOTIONS PURSUANT TO 28 U.S.C. § 2255**

1

### (4) DENYING DEFENDANT A CERTIFICATE OF APPEALABILITY

On October 14, 2020, Defendant filed a "Motion to Vacate Conviction and Sentence Under Habeas Corpus Section 2255. (ECF No. 206.) On November 23, 2020, the Government filed a Response in Opposition. (ECF No. 211.)

On January 15, 2021, this Court entered an Order Referring the Motion to Magistrate Judge Elizabeth Stafford. (ECF Nos. 222 and 227.)

On January 20, 2021, and on February 2, 2021, Defendant filed Motions for New Trial Under Fed. R. Crim. P. 33, and for appointment of counsel. (ECF Nos. 229 and 227.) On February 2, 2021 and March 12, 2021, the Government filed Responses. (ECF Nos. 224 and 232.) This Court also referred those Motions to Magistrate Judge Stafford. (ECF Nos. 228 and 230.)

On November 16, 2021, Magistrate Judge Elizabeth Stafford filed a Report and Recommendation to Deny Defendant's Post-Judgment Motions (ECF Nos. 206, 227 and 229). (ECF No. 237.)

On December 29, 2021, Defendant filed objections to the Magistrate Judge's Report and Recommendation. (ECF No. 240.) On January 24, 2022, the Government filed a Response to Defendant's Objections to the Report and Recommendation. (ECF No. 242.)

The Court having read the pleadings filed by Defendant Arthur Rathburn and those filed in response by the Government:

2

 (1) Adopts the Magistrate Judge's Report and Recommendation,[1]

 (2) DENIES Defendant's Motions Pursuant to 28 U.S.C. § 2255, and

 (3) DENIES Defendant a Certificate of Appealability.

The Court will deny Defendant a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of

---

[1] This Court supplements the Magistrate Judge's Report and Recommendation with the following:

> The United States Court of Appeals for the Sixth Circuit issued a comprehensive 19-page Opinion in Defendant Rathburn's appeal. (Case No. 18-1652, *United States v. Arthur Rathburn*, May 8, 2019, ECF No. 189.)
>
> That Opinion specifically noted, and rejected Defendant's claim relating to the wire fraud counts as to conditions of the specimens:
>
>> Relying on the following language in the Service Agreement: "[IBI] disclaims any liability should any anatomical material prove infectious," Rathburn contends this language demonstrates that "there were no guarantees that the specimen would not be infected." This argument falls flat. That the contracts did not provide a "guarantee" that the specimens would *never* be infected does little to counter Rathburn's indication that diseased specimens would be screened out and not intentionally provided to customers.
>
> *Id.* at slip op. p. 8

the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Defendant a certificate of appealability, because reasonable jurists would not find this Court's assessment of Defendant's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002).

The Court will also deny Defendant leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See* Fed. R. App. P. 24(a).

    SO ORDERED.

DATED:  February 18, 2022        s/Paul D. Borman  
                                          PAUL D. BORMAN  
                                          UNITED STATES DISTRICT JUDGE